IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RUDOLPH ELLIS,

    Petitioner,

v.

                                  CIVIL ACTION NO.: CV205-157

JOSE VAZQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rudolph Ellis ("Ellis"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Ellis has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Ellis was convicted in the Northern District of Alabama of: conspiracy to possess with intent to distribute cocaine, cocaine base, marijuana, and prescription drugs, in violation of 21 U.S.C. § 846; maintaining a place for distribution and use of cocaine, in violation of 21 U.S.C. § 856; and distributing cocaine within 1,000 feet of a protected area, in violation of 21 U.S.C. § 860. Ellis was sentenced to life imprisonment on the conspiracy and distribution counts and 20 years' imprisonment on the maintaining a place for distribution and use of cocaine count, to be served concurrently. Ellis filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Means, 156 F.3d 185 (11th Cir. 1998) (Table). Ellis then filed

AO 72A
(Rev. 8/82)

a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Northern District of Alabama denied. Ellis also filed motions for release from custody, for expeditious judgment, for recusal of the trial judge, and to modify his term of imprisonment. (Mot., p. 2.) The Northern District of Alabama denied all of these motions. Ellis filed an application for leave to file a second or successive § 2255 motion, and the Eleventh Circuit denied his application. Nonetheless, Ellis filed a successive section 2255 motion in the Northern District of Alabama. That motion was denied. (Mot., p. 3.)

In the instant petition, Ellis contends that his sentence was improperly enhanced based on the drug type and quantity because he did not admit to these facts nor were these facts found by a jury. Ellis also contends that his sentence was improperly enhanced due to the application of the career offender status.

Respondent avers that Ellis' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Ellis has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), do not apply retroactively to cases on collateral review. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.

2

AO 72A
(Rev. 8/82)

§ 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Ellis has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that § 2255 has a one year statute of limitation by which a prisoner has to file a timely motion to vacate, set aside, or correct his sentence. Ellis avers that his statute of limitation period expired in August 1999, and since that time, the Supreme Court of the United States has issued several decisions, such as Booker, which discuss the same alleged violations which occurred in his case.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Ellis has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Ellis could have brought his claims on previous occasions, and, in fact, he raised the issue regarding identity and quantity of drugs on appeal. (Pet., p. 3, ¶ a.) Simply because the Eleventh Circuit declined to provide Ellis' requested relief does not render section 2255's remedy inadequate or ineffective. Likewise, § 2255's remedy is not rendered inadequate or ineffective because the applicable statute of limitation period has expired. Ellis has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

4

In sum, Ellis cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Ellis is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and Ellis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE